UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF ASHER BROWN, et al., | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 11-cv-1491 |
| | § | |
| CYPRESS FAIRBANKS INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| **Defendant** | § | |
| | § | |

**ORDER GRANTING AGREED MOTION TO COMPEL AND
PROTECTIVE ORDER**

1.      Having reviewed the agreed motion to compel submitted by Plaintiffs, the

Defendant Cypress-Fairbanks Independent School District, and non-party Harris County District

Attorney, the Court determines that the disclosure of the material sought by subpoena is essential

to the administration of justice and is not likely to endanger the life or safety of (i) a child who is

the subject of the report of alleged or suspected abuse or neglect; (ii) a person who makes a

report of alleged or suspected abuse or neglect: or (iii) any other person who participates in an

investigation of reported abuse or neglect. Accordingly, the Court orders the production of the

material sought by subpoena, subject to the protective order below, as permitted by Rule 26(c) of

the Federal Rules of Civil Procedure.

2.      The Harris County District Attorney's Office shall produce the material sought by

subpoena to counsel for the Plaintiffs and the Defendant by 5 p.m. on August 22, 2012. The

following restrictions shall apply.

3.      This Protective Order applies to any audio recording, documents, information, or

other tangible or intangible thing (collectively, "documents") furnished to the parties by the

Harris County District Attorney's Office (D.A.). This Protective Order applies to original records as well as to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

4.   **Definition of "Confidential Information."** "Confidential Information" refers to audio recordings, documents, and tangible things produced by the D.A. pertaining to Asher Brown, K.B., Christian Perry, Amy Truong and/or David Truong, including but not limited to investigation records and audiotapes.

5.   **Duty to Preserve Confidentiality.** Confidential Information shall not be disclosed to any person except in conformity with this Order. Confidential Information shall not be used for any purpose other than in connection with this litigation or in any appellate proceeding concerning this action, unless and until such designation is removed by order of this Court. It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only as permitted under this Protective Order.

6.   **Disclosure and Use of Confidential Information**

***Disclosure to Counsel and Experts.*** Copies of "Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of and agree to the terms of this Order: **(a)** counsel for the receiving party and their support personnel, including secretaries, paralegals, associates, and photocopying personnel, when it is necessary that the support personnel have access to the material for purposes of this litigation; **(b)** experts or consultants; and **(c)** persons requested by counsel to furnish litigation

services such as document coding, image scanning, court reporting services, demonstrative exhibit preparation, or the creation of a computer database.

*Use at Depositions.* This Order does not preclude counsel for the parties from questioning witnesses about information contained in the Confidential Information that is subject to this Order; however, prior to disclosing such information to any witness, counsel must first inform the individual that the information is confidential and is subject to this Order. Counsel shall provide a copy of this Order to the witness and shall secure the witness's agreement on the record to comply with the terms of this Order.

*Court Filings.* If a party desires to file Confidential Information in support of motions, pleadings, or other proceedings in this action, the Confidential Information shall be filed under seal.

*Use by the Court.* This Order does not restrict the Court's ability to consider Confidential Information in rendering any order or judgment in this case.

7.     **Conclusion of Litigation.** Within 60 days after final judgment in this action, including the exhaustion of all appeals, or within 60 days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" and to certify to the producing party that this destruction or return has been done. However, counsel for any party is entitled to retain all court papers, transcripts, exhibits, and any attorney work product provided that any such materials are maintained and protected in accordance with this Protective Order.

8.     **Relief from Protective Order.** Any party may petition the Court for good cause shown if the party desires relief from a term or condition of this Protective Order.

3

9.     **Remedies.** It is **ORDERED** that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

10.     The provision of this Order regarding the use and/or disclosure of Confidential Information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Order for purposes of compliance or enforcement.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 7th day of August, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE